JINSHU ZHANG (Bar No. 166981)
john.zhang@dentons.com
JAE K. PARK (Bar No. 234474)
jae.park@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

William T. O'Brien (*pro hac vice* pending)
william.obrien@dentons.com
Daniel Morris (*pro hac vice* pending)
daniel.morris@dentons.com
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

Attorneys for Petitioner
Shanghai Qichengyueming Investment
Partnership Enterprise (Limited Partnership)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership),<br><br>Petitioner,<br><br>v.<br><br>Jia Yueting,<br><br>Respondent. | Case No.<br><br>**PETITION TO RECOGNIZE AND ENFORCE A FOREIGN ARBITRAL AWARD** |

Petitioner Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership) ("Petitioner" or "SQ"), by and through undersigned counsel, respectfully petitions the Court to confirm the China International Economic and Trade Arbitration Commission ("CIETAC") arbitral award described herein. The CIETAC tribunal determined that Respondent Jia Yueting is liable as guarantor for certain loans that had not been repaid and ordered him to pay Petitioner amounts that, when stated in U.S. dollars, exceed $100,000,000, including arbitral and legal fees as well as interest.

Confirmation in this case is authorized by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention")[1] as implemented in Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 201 *et seq*.

Petitioner respectfully states:

1. On May 9, 2018, the Arbitral Tribunal of three arbitrators, pursuant to an arbitration sited in Beijing, the People's Republic of China, rendered an award (the "Final Award") in the case commenced by SQ, as Claimant, against Jia Yueting and Leview Holding (Beijing) Limited, as Respondents, before the China International Economic and Trade Arbitration Commission, Case Number X20170753. Documents relevant to this Petition are authenticated by and attached as exhibits to the concurrently filed Declaration of Jinshu Zhang dated August 28, 2018 (the "Zhang Declaration"). The Final Award:

    a. Ordered the respondents to pay to SQ redemption prices for the convertible notes at issue in the arbitration (including principal and interest) of RMB648,284,650;

    b. Ordered the respondents to pay to SQ default interest of 4.35% from July 7, 2017 through the date of actual payment on the

---

[1] December 29, 1970, 21 U.S.T. 25157, T.I.A.S. No. 6997, 390 U.N.T.S. 38 (1970).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

RMB606,635,250 principal of Convertible Note I;

  c. Ordered the respondents to pay to SQ default interest of 4.35% from August 17, 2017 through the date of actual payment on the RMB41,649,400 principal of Convertible Note II;

  d. Ordered the respondents to pay to SQ its attorney fees in the amount of RMB1,000,000;

  e. Ordered the respondents to pay to SQ its asset attachment fees in the amount of RMB5,000, and the premium SQ paid for an asset attachment bond in the amount of RMB972,467.93;

  f. Ordered the respondents to reimburse SQ the arbitration fee of RMB3,544,631;

  g. Ordered the respondents to reimburse SQ arbitrator compensation in the amount of US$29,678.49;

  h. Ordered that payment of all such amounts be made by the respondents within five days; and

  i. Rejected all other claims.

2. A copy of the Final Award is attached to the Zhang Declaration as **Exhibit 1**. The Final Award is in Chinese. A certified translation is attached to the Zhang Declaration as **Exhibit 2**.

## PARTIES

3. Petitioner is a limited partnership organized under the laws of China. It is located at Room 790A, Level 7, Building D, No. 137 Haining Road, Hongkou District, Shanghai, the People's Republic of China.

4. Respondent Jia Yueting is a Chinese national. Mr. Jia resides at 7 Marguerite Drive, Rancho Palos Verdes, California.

## JURISDICTION AND VENUE

5. The Final Award is governed by the New York Convention because:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

PETITION TO RECOGNIZE AND ENFORCE A FOREIGN ARBITRAL AWARD

(i) the award arose from a commercial legal relationship between the parties; (ii) there was an agreement in writing to arbitrate any dispute(s) arising from that relationship; (iii) the agreement provided for arbitration proceedings to take place in the People's Republic of China, a signatory to the New York Convention; and (iv) at least one of the parties is not an American citizen. *See* 9 U.S.C. § 202.

6. This Court has subject matter jurisdiction pursuant to Section 203 of the Federal Arbitration Act, which provides jurisdiction to enforce an arbitration award governed by the New York Convention stating:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(1) as Mr. Jia, the sole Respondent to this action, is domiciled within this District.

## FACTS

### The Agreements

8. On June 3, 2015, SQ entered into a Convertible Note Purchase Agreement (the "Purchase Agreement") with Leview Mobile Ltd. ("Leview Mobile"); Leview Holding (Beijing) Limited ("Leview Holding"); Le Ltd.; Lesai Mobile Technology (Beijing) Co., Ltd.; QC Investment Ltd.; and Mr. Jia. The Purchase Agreement provided that QC Investment Ltd. ("QC Investment") would purchase a convertible note in the amount of US$75,000,000 issued by Leview Mobile ("Convertible Note I").

9. The Purchase Agreement also includes a dispute resolution provision in which the parties agree to arbitrate:

> In the event of any dispute, controversy or, claim or difference of any kind whatsoever arising out of, relating to or in connection with this Agreement, including the existence, validity, interpretation, performance, breach or termination thereof, the validity, scope and enforceability of this arbitration provision and any dispute regarding no-contractual obligations arising out of or relating to it (the 'Dispute'), the parties hereto shall firstly consult and negotiate with each other to settle it in an amicable manner. If no settlement can be reached by the parties within 30 days of the occurrence of the Dispute, any party is entitled to submit, at its sole discretion, such dispute to the China International Economic and Trade Arbitration Commission (the 'CIETAC') for arbitration in Beijing in accordance with the then applicable arbitration rules of CIETAC.

10. A copy of the Purchase Agreement is attached to the Zhang Declaration as **Exhibit 3**.

11. That same day, the parties to the Purchase Agreement entered into a supplemental agreement (the "Supplemental Agreement I") providing that the redemption payment due under the Purchase Agreement would be paid in RMB, at the US dollar exchange rate published by the People's Bank of China on the closing date.

12. Also on that same day, Leview Holding and Mr. Jia jointly provided to QC Investment and Petitioner a letter of guarantee ("Letter of Guarantee I"). Letter of Guarantee I provided, *inter alia*, that:

   a. Leview Holding and Mr. Jia were irrevocable joint guarantors for Leview Mobile's payment obligations under Convertible Note I; and

   b. In the event of Leview Mobile's failure to timely perform its repayment obligations, QC Investment had the right to transfer its rights under Purchase Agreement, Convertible Note I, and Supplementary Agreement I to Petitioner.

13. On July 7, 2015, QC Investment paid US$75,000,000 to Leview Mobile.

- 5 -  PETITION TO RECOGNIZE AND ENFORCE A FOREIGN ARBITRAL AWARD

14. Also on July 7, 2015, the parties to the Purchase Agreement entered into a second supplemental agreement ("Supplemental Agreement II") providing that QC Investment would purchase a second convertible note, with a principal amount of US$5,000,000 ("Convertible Note II").

15. That same day, Leview Holding and Mr. Jia jointly provided to QC Investment and Petitioner a second letter of guarantee ("Letter of Guarantee II") with the same terms as Letter of Guarantee I but as to the obligations arising from Convertible Note II.

16. On August 17, 2015, QC Investment paid Leview Mobile US$5,000,000.

17. Starting in March 2017, QC Investment attempted to secure the redemption payments due under the Convertible Notes from Leview Mobile.

18. QC Investment also engaged counsel to attempt to negotiate with Leview Holding and Mr. Jia an amicable resolution of the repayment dispute.

19. On June 1, 2017, QC Investment, through its counsel, sent Leview Mobile a redemption notice demanding redemption of the two convertible notes with a redemption price for Convertible Note I of US$97,500,000, i.e., RMB606,635,250, and a redemption price for Convertible Note II of US$6,500,000, i.e., RMB41,676,700.

20. Also on June 1, 2017, QC Investment, through its counsel, notified Leview Holding and Mr. Jia that QC Investment had sent the redemption notice to Leview Mobile. Further, QC Investment demanded that Leview Holding and Mr. Jia urge Leview Mobile to make timely repayment, warning that otherwise QC Investment would enforce the letters of guarantee.

21. Finally, on July 4, 2017, amidst a barrage of news reports about Leview Holding and Mr. Jia's other companies, including reports of assets being frozen, liquidity crises, and mounting litigation, QC Investment transferred its

rights under the Purchase Agreement, Convertible Note I, Convertible Note II, Letter of Guarantee I, Letter of Guarantee II, and the other agreements to Petitioner, and Petitioner initiated an arbitration of the repayment dispute.

## THE CIETAC ARBITRATION

22. On July 5, 2017, Petitioner forwarded the arbitration demand it had made on Leview Holding and Mr. Jia to CIETAC.

23. On July 12, 2017, CIETAC sent to Petitioner, Leview Holding, and Mr. Jia an arbitration notice, the applicable arbitration rules, and a directory of arbitrators.

24. While the arbitration clause provides that the arbitration be conducted in English, upon the joint application of the parties the arbitration was instead conducted in Chinese.

25. Petitioner appointed one arbitrator, and Leview Holding and Mr. Jia appointed a second arbitrator. The parties were unable to reach an agreement as to the third arbitrator, so, pursuant to the arbitration rules, CIETAC appointed the third arbitrator.

26. On October 19, 2017, the arbitral panel was then constituted, and, on the same day, CIETAC sent a notice of the same to all parties by express courier service.

27. The hearing was initially scheduled for December 7, 2017, but by notice on November 30, 2017 the hearing was rescheduled for December 20, 2017.

28. On December 20, 2017, a hearing was conducted before the arbitral panel in Beijing.

29. Both sides were represented by counsel at the hearing.

30. During the hearing, both sides stated their view of the case, presented evidence, questioned witnesses, made legal arguments, and responded to questions raised by the arbitral panel.

31. Each party's submissions were served on the other parties.

32. On May 9, 2018, the arbitral panel rendered its Final Award, finding generally in favor of Petitioner and against Leview Holding and Mr. Jia.

33. The Final Award ordered Leview Holding and Mr. Jia to pay to SQ redemption prices for the convertible notes at issue in the arbitration (including principal and interest) of RMB648,284,650.

34. The Final Award ordered Leview Holding and Mr. Jia to pay to SQ default interest of 4.35% from July 7, 2017 through the date of actual payment on the RMB606,635,250 principal of Convertible Note I.

35. The Final Award ordered Leview Holding and Mr. Jia to pay to SQ default interest of 4.35% from August 17, 2017 through the date of actual payment on the RMB41,649,400 principal of Convertible Note II.

36. The arbitral panel, however, determined that it was not appropriate to make Leview Holding and Mr. Jia jointly liable for the full RMB9,475,412.30 in attorney fees incurred by SQ. Instead, the Final Award ordered Leview Holding and Mr. Jia to pay to SQ only RMB1,000,000 in attorney fees.

37. The Final Award ordered Leview Holding and Mr. Jia to pay to SQ its asset attachment fees in the amount of RMB5,000, and the premium SQ paid for an asset attachment bond in the amount of RMB972,467.93.

38. The Final Award ordered Leview Holding and Mr. Jia to reimburse SQ the arbitration fee of RMB3,544,631.

39. The Final Award ordered Leview Holding and Mr. Jia to reimburse SQ arbitrator compensation in the amount of US$29,678.49.

40. The Final Award ordered that all such payments be made within five days of the award.

41. Neither Leview Holding nor Mr. Jia have made any of the required payments.

- 8 -

PETITION TO RECOGNIZE AND ENFORCE A FOREIGN ARBITRAL AWARD

# CLAIMS FOR RELIEF
# 9 U.S.C. § 207

## First Claim for Relief
## (Confirmation of the Final Award)

42. Petitioner repeats and re-alleges each and every allegation contained in the foregoing paragraphs and incorporates them herein by reference.

43. The United States is a contracting party to the New York Convention.

44. The New York Convention has been implemented in the United States by Chapter Two of the Federal Arbitration Act.

45. The Final Award is governed by the New York Convention because it was rendered in China, another contracting party, and satisfies the requirements of Section 202 of the Federal Arbitration Act. See 9 U.S.C. § 202.

46. The Federal Arbitration Act provides that the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

47. None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Final Award.

48. Therefore, the Final Award should be confirmed pursuant to 9 U.S.C. § 207 and judgment in the United States should be entered for the monetary relief awarded by the arbitral panel.

## Second Claim for Relief
## (Prejudgment Interest on Amounts Due)

49. Petitioner repeats and re-alleges each and every allegation contained in in the foregoing paragraphs and incorporates them herein by reference.

50. The Final Award include interest at the rate of 4.35% per year on the redemption price for the Convertible Notes of RMB606,635,250 running from July

7, 2017 and RMB41,649,400 running from August 17, 2017 until full payment.

51. Therefore, the Court should award Petitioner prejudgment interest on the amounts awarded under the Final Award from the dates specified in the Final Award until the entry of judgment at the rate so specified.

WHEREFORE, Petitioner respectfully petitions the Court for an order:

(a) confirming the Final Award, including the monetary relief granted therein and entering judgment in favor of Petitioner and against Jia Yueting;

(b) awarding prejudgment interest as specified in the Final Award;

(c) awarding postjudgment interest as specified in the Final Award; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: September 5, 2018                    DENTONS US LLP


By: s/Jae K. Park
    Jinshu Zhang
    Jae K. Park

Attorneys for Petitioner
Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership)

108891390\V-2

- 10 -

PETITION TO RECOGNIZE AND ENFORCE A FOREIGN ARBITRAL AWARD

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300