| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 | Daniel Scott Schecter (Bar No. 171472)<br>  *daniel.schecter@lw.com* |
| 3 | R. Peter Durning, Jr. (Bar No. 277968)<br>  *peter.durning@lw.com* |
| 4 | Samantha P. Koppel (Bar No. 313479)<br>  *samantha.koppel@lw.com* |
| 5 | 10250 Constellation Boulevard, Suite 1100<br>Los Angeles, California 90067 |
| 6 | Telephone:  (424) 653-5500<br>Facsimile:  (424) 653-5501 |
| 7 | Attorneys for Specially Appearing |
| 8 | Respondent Jia Yueting |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SHANGHAI QICHENGYUEMING INVESTMENT PARTNERSHIP ENTERPRISE (LIMITED PARTNERSHIP), | CASE NO. 2:18-cv-7723 SJO (JPRx)<br><br>The Honorable S. James Otero<br><br>**SPECIALLY APPEARING RESPONDENT JIA YUETING'S NOTICE OF MOTION AND MOTION TO QUASH FOR INSUFFICIENT SERVICE OF SUMMONS**<br><br><u>Hearing Information</u><br><br>Date:  November 26, 2018<br>Time:  10:00 A.M.<br>Location:  United States Courthouse<br>  350 W. First Street<br>  Los Angeles, CA 90012<br>  Courtroom 10C<br><br>Action Filed: September 5, 2018 |
| Petitioner, | |
| v. | |
| JIA YUETING, | |
| Specially Appearing Respondent. | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that on November 26, 2018 at 10:00 a.m., or as soon thereafter as this matter can be heard before the Honorable S. James Otero of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA 90012, in Courtroom 10C, Specially Appearing Respondent Jia Yueting will and hereby does move for an order quashing Petitioner Shanghai Qichengyueming Investment Partnership Enterprise ("SQ")'s purported service of summons.

SQ cannot meet its burden of establishing the validity of substituted service on Mr. Jia for two independent reasons.  First, SQ failed to deliver a copy of the summons and complaint to a "person apparently in charge" of Mr. Jia's office.  Second, SQ's failed to "inform" the person with whom the papers were left "of the contents thereof."  Cal. Code Civ. Proc. § 415.20(b); Fed. R. Civ. P. 4(e).

This motion is made following the conference of counsel pursuant to Local Rule 7-3 (which took place on October 2, 2018) and is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the declarations filed herewith, the pleadings, papers, filings, and record of this action, and on such oral arguments and submissions as may be presented at or before the hearing.

Dated:  October 26, 2018　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　Daniel Scott Schecter
　　　　　　　　　　　　　　　　R. Peter Durning, Jr.
　　　　　　　　　　　　　　　　Samantha P. Koppel

　　　　　　　　　　　　　　By　/s/ Daniel Scott Schecter_____
　　　　　　　　　　　　　　　　Daniel Scott Schecter
　　　　　　　　　　　　　　　　Attorneys for Specially Appearing
　　　　　　　　　　　　　　　　Respondent Jia Yueting

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ...............................2

III. LEGAL STANDARD .............................................................................3

IV. SQ FAILED TO SERVE A "PERSON APPARENTLY IN CHARGE" OF MR. JIA'S BUSINESS ........................................................4

V. SQ DID NOT INFORM THE PERSON SERVED OF THE CONTENTS OF THE SEALED ENVELOPE ..............................................7

VI. CONCLUSION ......................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bein v. Brechtel-Jochim Group, Inc.*,
 6 Cal. App. 4th 1387 (1992)..................................................................................6

*Benny v. Pipes*,
 799 F.2d 489 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987)........................4

*Brockmeyer v. May*,
 383 F.3d 798 (9th Cir. 2004)..................................................................................4

*Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*,
 840 F.2d 685 (9th Cir. 1988).........................................................................4, 5, 6

*Dytch v. Bermudez*,
 Case No. 17-cv-02714-EMC, 2018 U.S. Dist. LEXIS 129240
 (N.D. Cal Aug. 1, 2018).........................................................................................5

*Jones v. Auto. Club of S. Cal.*,
 26 Fed. App'x. 740 (9th Cir. 2002) .......................................................................6

*Khourie, Crew & Jaeger v. Sabek, Inc.*,
 220 Cal. App. 3d 1009 (1990)................................................................................6

*NGV Gaming, Ltd. v. Upstream Point Molate, LLC*,
 Case No. C-04-3955 SC (JCS) 2009 U.S. Dist. LEXIS 117944
 (N.D. Cal. Nov. 24, 2015).......................................................................................5

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
 484 U.S. 97 (1987).................................................................................................3

*S.J. v. Issaquah School Dist. No. 411*,
 470 F.3d 1288 (9th Cir. 2006)................................................................................4

*Telebrands Corp. v. GMC Ware Inc.*,
 Case No. CV 15-03121 SJO 2016 U.S. Dist. LEXIS 178545 (C.D.
 Cal April 5, 2016)...................................................................................................5

*Vasic v. Patent Health, L.L.C.*,
 Case No. 12cv849 AJB (MDD)2013 Dist. LEXIS 200230 (S.D.
 Cal Nov. 26, 2013)..................................................................................................5

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

ii

*Xerox Corp. v. Simply Smashing, Inc.*,
  Case No. 1:13-cv-00395-LJO-SAB 2013 U.S. Dist. LEXIS 61713
  (E.D. Cal. April 30, 2013) ................................................................................... 5

**STATUTES**

CCP § 415.20 ........................................................................................................... 2, 4

CCP § 415.20(b) ..................................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 4(e) ........................................................................................................ 1

Fed. R. Civ. P. 4(e)(1) ................................................................................................... 4

Fed. R. Civ. P. 12(b)(5) .............................................................................................. 1, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Specially Appearing Respondent Jia Yueting ("Respondent" or "Mr. Jia") moves this Court for an order quashing Petitioner Shanghai Qichengyueming Investment Partnership Enterprise ("SQ")'s purported service of summons. SQ attempts to meet its burden of establishing the validity of service on Mr. Jia under Federal Rule of Civil Procedure 4 by invoking the "substituted service" procedures of California law, which are incorporated into the federal law via Rule 4(e).

SQ fails to meet its burden for two independent reasons.

- First, it failed to deliver a copy of the summons and complaint with "the person apparently in charge" of Mr. Jia's office.
- Second, it is evident from the face of the proof of service that SQ's process sever did not "inform[]" the person with whom the papers were left "of the contents thereof." *See* California Code of Civil Procedure ("CCP") Section 415.20(b); Fed. R. Civ. P. 4(e).

Rather than comply with these straightforward requirements of California's substituted service procedures, SQ simply left the summons with a shipping clerk who worked in a warehouse operated by the company where Mr. Jia is also employed as CEO. That recently hired warehouse employee was in no way "apparently in charge" of Mr. Jia's office. Moreover, SQ made no effort to inform the recipient about the contents of the sealed envelope provided to him. To the contrary, SQ carefully avoided divulging its intent to serve Mr. Jia with legal process, and even sidesteps that issue in its purported proof of service.

Under Federal Rule of Civil Procedure 12(b)(5), these defects require service to be quashed. This case cannot proceed against Mr. Jia—indeed, this Court lacks jurisdiction to do so—until he is properly served in the manner prescribed by law. And although Mr. Jia offered to execute a waiver of service under Rule 4(d) during the meet and confer process (obviating the need for this

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

1

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

motion), SQ refused that offer. As a result, Mr. Jia was forced to bring this motion to protect his rights, and to insist on lawful service.

## II. FACTUAL AND PROCEDURAL BACKGROUND

SQ initiated this action on September 5, 2018, seeking to enforce an arbitral award that SQ contends was issued in the People's Republic of China on May 9, 2018. *See* ECF No. 1 at ¶ 32. That arbitral award, from the case styled *Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership) v. Jia Yueting and Leview Holding (Beijing) Limited*, CIETAC Case No. X20170753, orders a large monetary judgment jointly against Mr. Jia and an entity known as Leview Holding (Beijing) Limited ("Leview"). *Id.* at 47. Despite Leview's apparent joint and several obligation, however, SQ has not named or joined Leview in this action.[1]

SQ purports to have served Mr. Jia "by substituted service" under CCP Section 415.20. *See* ECF No. 19 ("Proof of Service of Summons") at § 5(b). According to SQ, on September 11, 2018, SQ's process server left the summons and petition with "Jose Perales" at 18455 South Figueroa Street, in Gardena, California 90248-4503, and mailed the papers to that address the next day. *Id.*[2]

At the time, Mr. Perales was a shipping clerk employed in a warehouse operated by Faraday & Future, Inc. ("FF"), a pioneer in electric, autonomous cars. *See* Perales Decl. at ¶ 2. Although Mr. Jia is the CEO of FF, he and Mr. Perales have never met. *Id.* at ¶¶ 5-6. At the time of the attempted service (*i.e.*, as of

---

[1] Once the Court has jurisdiction over this matter, Specially Appearing Respondent intends to challenge the Petition on multiple grounds, including that SQ has failed to join an indispensable party, and because the arbitral award remains subject to challenge in the People's Republic of China, and will be so challenged under the applicable laws of that jurisdiction.

[2] Under California law, substitute service "is deemed complete on the 10th day after the mailing." *See* CCP Section 415.20(b). This motion is timely pursuant to the parties' Joint Stipulation to Extend Time to Respond to Initial Petition by Not More than 30 Days (ECF No. 21).

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

2

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

September 11, 2018), Mr. Perales had been employed by FF for only two months, and he did not even know who Mr. Jia was. *Id.* at ¶¶ 4-6.

As a shipping clerk at FF, Mr. Perales accepts, signs for, records, and routes freight and other packages related to the business operations of FF—the *company*. He does not receive legal papers, and certainly not for the company's corporate officers (including Mr. Jia). *Id.* at ¶ 3. Accordingly, when SQ's process server handed him an envelope for Mr. Jia on September 11, 2018—without any explanation as to the reason for or contents of her delivery—Mr. Perales had no idea what to do with it. *Id.* at ¶ 7.

Mr. Perales therefore asked his supervisor, Javier Mencias, for guidance. *Id.* But the process server failed to comply with the requirement that she identify the contents of the package she delivered. As a result, Mr. Mencias had no way to know what to do with the envelope either—a delivery with unknown contents, which the process server had not described, addressed to the company's CEO, and delivered to a shipping warehouse that typically does not deal with hand deliveries, but only with freight or packages necessary for FF's business operations. *See* Perales Decl. at ¶¶ 3, 7.

On October 2, 2018, counsel for SQ and for Mr. Jia met and conferred regarding the sufficiency of the foregoing service attempt. *See* Schecter Decl. ¶ 2. In an effort to obviate the need for motion practice, undersigned counsel offered during the meet and confer process to execute a waiver of service of summons pursuant to Rule 4(d). *Id.* On October 9, 2018, SQ's counsel declined that offer, insisting that service was valid (pursuant to a proof of service that they filed two days later, *see* ECF No. 19). *Id.*

### III. LEGAL STANDARD

"A federal court cannot exercise personal jurisdiction over a defendant without proper service of process." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Giving teeth to this fundamental tenet of judicial power is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

3

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

Rule 12(b)(5), which authorizes the Court to quash service or dismiss the action. *E.g.*, *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Although a proof of service can provide prima facie evidence of service, the plaintiff ultimately bears "the burden of establishing that service as valid[.]" *Brockmeyer v. May*, 383 F.3d 798, 901 (9th Cir. 2004). To meet that burden, the plaintiff must prove compliance with Rule 4(e), which provides four methods of service—only one of which is at issue here: "following state law for serving a summons[.]" Fed. R. Civ. P. 4(e)(1); *see also* ECF No. 19 at § 5(b)(4) (invoking state-law service procedures). In the absence of "substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987)).

SQ contends that it effected substituted service on Mr. Jia within the meaning of California law. This requires SQ to satisfy the requirements of CCP Section 415.20, which draws a distinction between service on natural persons and service on businesses. Because Mr. Jia is a natural person, Section 415.20(b) applies, and required (1) SQ to leave "a copy of the summons and complaint" with "a person apparently in charge of [the defendant's] office" or "place of business," and (2) SQ to ensure that the person with whom the process is left has been "informed of the contents thereof[.]" *See* CCP Section 415.20(b).

### IV. SQ FAILED TO SERVE A "PERSON APPARENTLY IN CHARGE" OF MR. JIA'S BUSINESS

CCP Section 415.20(b) requires SQ to leave "a copy of the summons and complaint" with "a person apparently in charge" of Mr. Jia's "office" or "place of business." SQ fails that requirement.

Whether a recipient of process was "apparently in charge" of an office or place of business requires an examination of the recipient's position relative to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

4

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

company and the person to be served. *See, e.g.*, *Xerox Corp. v. Simply Smashing, Inc.*, Case No. 1:13-cv-00395-LJO-SAB 2013 U.S. Dist. LEXIS 61713 (E.D. Cal. April 30, 2013) (quashing service where it was "not clear that [the recipient] was in a position of authority sufficient to imply proper service for the corporation"). Taking guidance from the Ninth Circuit's opinion in *Direct Mail*, federal courts have held that substituted service "depends on a factual analysis of [the recipient's] authority within the organization[,]" including the question of whether the recipient is "so integrated with the organization that he will know what to do with the papers." *Telebrands Corp. v. GMC Ware Inc.,* Case No. CV 15-03121 SJO (JCx) 2016 U.S. Dist. LEXIS 178545 *14 (C.D. Cal April 5, 2016) (quoting *Direct Mail*, 840 F.2d at 688); *see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, Case No. C-04-3955 SC (JCS) 2009 U.S. Dist. LEXIS 117944 (N.D. Cal. Nov. 24, 2015) (quashing service on an employee at the "wrong location" when the employee was not given information sufficient for her to "know what to do with the papers"); *Xerox* 2013 U.S. Dist. LEXIS 61713 at *2. Applying these principles, courts have found service proper where the recipient "had 'significant authority' within the entity to accept service of process," because they were "the face of" the place of business, and appeared to be "the only individual available to accept service of process at the time service was effectuated[.]" *Vasic v. Patent Health, L.L.C.*, Case No. 12cv849 AJB (MDD)2013 Dist. LEXIS 200230, *9 (S.D. Cal Nov. 26, 2013).

SQ cannot meet this standard. Even taken at face value, the declaration of SQ's process server does not establish that Mr. Perales was "apparently in charge" of Mr. Jia's place of business.[3] Indeed, that declaration concedes that Mr. Perales

---

[3] It bears note that the process server's declaration was not executed until nearly a month after the events it describes, and only after Mr. Jia's counsel had indicated their intention to quash service. *See, e.g.*, *Dytch v. Bermudez*, Case No. 17-cv-02714-EMC, 2018 U.S. Dist. LEXIS 129240 *5 (N.D. Cal Aug. 1, 2018) (finding that process server's affidavit was entitled to less weight where it was not "executed contemporaneously or amended very shortly thereafter"). Indeed, the proof of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

5

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

*did not even know who Mr. Jia was*—that is, he was so *un-*"integrated with the organization" that he did not even know the name of his company's CEO. *See* ECF No. 19 at p. 5; *Direct Mail*, 840 F.2d at 688. In his declaration, Mr. Perales confirms this point. At the time the process server handed him the papers she intended to serve on Mr. Jia, he had no idea who Mr. Jia was, no idea what to do with the papers, and had only worked at FF for a mere two months —in a warehouse that does not handle personal mail for FF's employees. *See* Perales Decl. ¶¶ 2-3.

The gap between Mr. Perales—a recently hired shipping clerk—and the CEO of the large company in which he worked is simply too great for SQ to bridge under the "apparently in charge" standard. *See, e.g.*, *Jones v. Auto. Club of S. Cal.*, 26 Fed. App'x. 740, 743 (9th Cir. 2002) ("ACSC is not a small company and the security guard was not the only person working in ACSC's corporate offices when [the] process server arrived."). This is not a case involving locked office doors or doormen obstructing a process server's access. *Cf. Bein v. Brechtel-Jochim Group, Inc.,*, 6 Cal. App. 4th 1387, 1393 (1992); *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1012 (1990). Indeed, there was no evasion of service here. To the contrary, Mr. Jia offered to *waive* service under Rule 4(d) but SQ rejected that request, preferring to litigate the propriety of its attempt to serve a CEO through a newly hired shipping clerk. Because that clerk was in no sense "apparently in charge" of the warehouse in which he was stationed—let alone the automobile company run by Mr. Jia—service was improper, and must be quashed. *See* CCP § 415.20(b).

---

service on file with the Court is materially different from the proof of service which counsel for Petitioner provided counsel for Mr. Jia in correspondence on September 26, 2018.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

6

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

## V. SQ DID NOT INFORM THE PERSON SERVED OF THE CONTENTS OF THE SEALED ENVELOPE

Service also should be quashed for an additional and independent reason: the process server failed to inform Mr. Perales of the contents of the papers she delivered. CCP § 415.20(b). The declaration of Mr. Perales establishes that the process server "did not say anything about the contents of the package, or the reasons for which it was delivered." *See* Perales Decl. at ¶ 6. The declaration of SQ's process server confirms the point—her declaration contains no allegation that she identified herself as a process server, or that she identified the content of the documents she was delivering (or her reason for delivering them). *See* ECF No. 19 at p. 5.

Instead, SQ's process server elliptically states that she told Mr. Perales that she "ha[d] a package" for Mr. Jia, and that she scribbled the words "Personal & Confidential, Legal Documents" on the envelope before handing them to Mr. Perales without any explanation whatsoever. The phrase "Personal & Confidential, Legal Documents" encompasses a wide range of documents—especially when directed to an individual whose name the recipient of the envelope did not even recognize. *See* Perales Decl. ¶¶ 5-6. SQ's process server chose to be vague rather than identify the contents of her envelope as urgent legal process demanding the retention of counsel and a prompt response.

As a result, Mr. Perales was never "informed of the contents" (or purpose) of SQ's process servers' delivery. CCP § 415.20(b). Service of process therefore was defective and must be quashed.[4]

---

[4] Had the process server properly identified the contents of the package, she would have been directed to deliver the package to the proper location—not the shipping and receiving warehouse.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

7

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE

## VI. CONCLUSION

For the foregoing reasons, Mr. Jia respectfully requests that this Court issue an order quashing service pursuant to Rule 12(b)(5).

Dated: October 26, 2018

LATHAM & WATKINS LLP
Daniel S. Schecter
R. Peter Durning, Jr.
Samantha P. Koppel

By /s/ Daniel Scott Schecter
Daniel Scott Schecter
*Attorneys for Specially Appearing Respondent* Jia Yueting

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

8

SPECIALLY APPEARING RESPONDENT
JIA YUETING'S NOTICE OF MOTION
AND MOTION TO QUASH SERVICE