LATHAM & WATKINS LLP
Daniel Scott Schecter (Bar No. 171472)
　*daniel.schecter@lw.com*
R. Peter Durning, Jr. (Bar No. 277968)
　*peter.durning@lw.com*
Samantha P. Koppel (Bar No. 313479)
　*samantha.koppel@lw.com*
10250 Constellation Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501

Attorneys for Respondent
Jia Yueting

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SHANGHAI QICHENGYUEMING INVESTMENT PARTNERSHIP ENTERPRISE (LIMITED PARTNERSHIP),<br><br>　　　　Petitioner,<br><br>　v.<br><br>JIA YUETING,<br><br>　　　　Respondent. | CASE NO. 2:18-cv-07723 SJO (JPRx)<br><br>The Honorable S. James Otero<br><br>**RESPONDENT JIA YUETING'S ANSWER AND AFFIRMATIVE DEFENSES TO SHANGHAI QICHENGYUEMING INVESTMENT PARTNERSHIP ENTERPRISE'S PETITION TO ENFORCE FOREIGN ARBITRAL AWARD**<br><br>Action Filed: September 5, 2018<br>Trial Date: Not Set |

Respondent Jia Yueting ("Respondent") hereby answers the allegations of the Petition to Recognize and Enforce a Foreign Arbitral Award (ECF No. 1, the "Petition"), filed by Petitioner Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership) ("SQ" or "Petitioner"), and provides his affirmative defenses.

## ANSWER

Paragraph 1: Respondent admits that Petitioner commenced an arbitration in China against Leview Holding (Beijing) Limited and Respondent before the China International Economic and Trade Arbitration Commission. The remainder of paragraph 1 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 2: Respondent admits that the document defined in the Petition as the "Final Award" is in Chinese. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 3: Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 4: Admitted.

Paragraph 5 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 6 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 7 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 8: Respondent admits that he signed a Convertible Note Purchase Agreement dated June 3, 2015. The remainder of paragraph 8 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the documents defined in the Petition as the "Purchase Agreement" and "Convertible Note I," Respondent denies any and all allegations inconsistent with those documents (which speak for themselves), and refers all matters concerning the interpretation and enforceability of those documents to the Court. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 9: Respondent admits that the document defined in the Petition as the "Purchase Agreement" contains the quoted language. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Purchase Agreement," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 10: Respondent admits that a copy of the Purchase Agreement (without its accompanying Exhibits) is attached as Exhibit 3 to the Zhang Declaration. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 11: Respondent admits that he signed a supplementary agreement dated June 3, 2015. The remainder of paragraph 11 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the documents defined in the Petition as the "Supplemental Agreement I" and "Purchase Agreement," Respondent denies any and all allegations inconsistent with those documents (which speak for themselves), and refers all matters concerning the interpretation and enforceability of those documents to the Court. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 12: Respondent admits that he signed a letter of guarantee dated June 3, 2015. The remainder of paragraph 12 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the documents defined in the Petition as the "Letter of Guarantee I," "Convertible Note I," and "Supplementary Agreement I," Respondent denies any and all allegations inconsistent with those documents (which speak for themselves), and refers all matters concerning the interpretation and enforceability of those documents to the Court. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 13: Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

   Paragraph 14:  Respondent admits that he signed a second supplementary agreement on or around July 7, 2015.  The remainder of paragraph 14 asserts legal conclusions to which no response is required.  To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the documents defined in the Petition as the "Supplemental Agreement II" and "Convertible Note II," Respondent denies any and all allegations inconsistent with those documents (which speak for themselves), and refers all matters concerning the interpretation and enforceability of those documents to the Court.  Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

   Paragraph 15:  Respondent admits that he signed a second letter of guarantee on or around July 7, 2015.  The remainder of paragraph 15 asserts legal conclusions to which no response is required.  To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the documents defined in the Petition as the "Letter of Guarantee II," "Letter of Guarantee I," and "Convertible Note II," Respondent denies any and all allegations inconsistent with those documents (which speak for themselves), and refers all matters concerning the interpretation and enforceability of those documents to the Court.  Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

   Paragraph 16: Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

   Paragraph 17: Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

   Paragraph 18: Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 19: Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 20: Respondent admits that counsel purporting to act on QC Investment's behalf made demands for payment on or around June 1, 2017. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 21 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 22: Respondent admits that Petitioner commenced an arbitration in China against Leview Holding (Beijing) Limited and Respondent before the China International Economic and Trade Arbitration Commission. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 23: Respondent admits that Petitioner commenced an arbitration in China against Leview Holding (Beijing) Limited and Respondent before the China International Economic and Trade Arbitration Commission. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 24: Respondent admits that the arbitration was conducted in Chinese. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Purchase Agreement," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the

interpretation and enforceability of that document to the Court. Apart from the express admissions directly above, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 25 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 26 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 27: Admitted.

Paragraph 28: Admitted.

Paragraph 29: Admitted.

Paragraph 30: Admitted.

Paragraph 31: Admitted.

Paragraph 32 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 33 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award,"

Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 34 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the documents defined in the Petition as the "Final Award" and "Convertible Note I," Respondent denies any and all allegations inconsistent with those documents (which speak for themselves), and refers all matters concerning the interpretation and enforceability of those documents to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 35 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the documents defined in the Petition as the "Final Award" and "Convertible Note II," Respondent denies any and all allegations inconsistent with those documents (which speak for themselves), and refers all matters concerning the interpretation and enforceability of those documents to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 36 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and

enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 37 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 38 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 39 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 40 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 41 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

### Response to First Claim for Relief
### (Seeking Confirmation of the "Final Award")

Paragraph 42: Respondent repeats and re-alleges each and every response contained in the foregoing paragraphs and incorporates them herein by reference.

Paragraph 43 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 44 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 45 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 46 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

Paragraph 47 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent denies each and every allegation contained in this paragraph.

Paragraph 48 of the Petition asserts legal conclusions to which no response is required. To the extent any response is required, Respondent denies each and every allegation contained in this paragraph.

**Response to Second Claim for Relief**

**(Seeking Prejudgment Interest on Amounts Due)**

Paragraph 49: Respondent repeats and re-alleges each and every response contained in the foregoing paragraphs and incorporates them herein by reference.

Paragraph 50 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

**Response to Prayer for Relief**

Paragraph 51 asserts legal conclusions to which no response is required. To the extent that the allegations in this paragraph attempt to summarize, paraphrase, or assert the legal effect of the document defined in the Petition as the "Final Award," Respondent denies any and all allegations inconsistent with that document (which speaks for itself), and refers all matters concerning the interpretation and enforceability of that document to the Court. To the extent any response is required, Respondent lacks knowledge sufficient to form a belief as to the truth of the statements contained in this paragraph, and on that basis denies them.

**RESPONDENT'S AFFIRMATIVE DEFENSES**

Without assuming the burden of proof for each defense that he would not otherwise have, Respondent asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

As to Respondent, the Petition fails to state facts sufficient to bring a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Unenforceability under the New York Convention)**

Petitioner's claims are barred, in whole or in part, on the grounds set forth in Article V of the New York Convention.

**THIRD AFFIRMATIVE DEFENSE**

**(Misjoinder)**

Petitioner's claims are barred, in whole or in part, on the grounds that Petitioner has failed to join a necessary party in this action and is seeking relief against an improper party.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Petitioner's claims are barred, in whole or in part, by the doctrine of unclean hands. Petitioner has engaged in unconscientious and/or inequitable conduct connected with the controversy before the Court.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

Petitioner's claims are barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Petitioner's claims are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Petitioner's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

Respondent has not knowingly or intentionally waived any applicable defenses, and he reserves the right to assert and rely on other applicable defenses as may become available or apparent at a later time. Respondent reserves the right to amend or to seek to amend his response and/or affirmative defenses.

**RESPONDENT'S PRAYER FOR RELIEF**

WHEREFORE, Respondent prays for judgment as follows:

1. That SQ take nothing by its Petition;
2. That SQ's claims against Respondent be dismissed with prejudice;
3. That Respondent be awarded costs incurred in this action to the extent permitted by law;

4. That Respondent be granted such other and further relief as the Court may deem just and proper.

Dated: December 26, 2018

LATHAM & WATKINS LLP
Daniel Scott Schecter
R. Peter Durning, Jr.
Samantha P. Koppel

By /s/ Daniel Scott Schecter
Daniel Scott Schecter
Attorneys for Respondent Jia Yueting