JINSHU ZHANG (Bar No. 166981)
john.zhang@dentons.com
JAE K. PARK (Bar No. 234474)
jae.park@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

William T. O'Brien (admitted *pro hac vice*)
william.obrien@dentons.com
Daniel Morris (admitted *pro hac vice*)
daniel.morris@dentons.com
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

Attorneys for Petitioner
Shanghai Qichengyueming Investment
Partnership Enterprise (Limited Partnership)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership),<br><br>Petitioner,<br><br>v.<br><br>Jia Yueting,<br><br>Respondent. | Case No. 2:18-CV-7723 SJO (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO MODIFY THE JUDGMENT PURSUANT TO FRCP 60**<br><br>Date: October 28, 2019<br>Time: 10:00 a.m.<br>Ctrm.: 10C<br>Judge: Hon. S. James Otero<br><br>Action Filed: September 5, 2018 |

MEM. OF PTS & AUTH. IN SUP. OF
PETITIONER'S MOTION TO MODIFY
THE JUDGMENT PURSUANT TO FRCP 60

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND .............................................................................2

    A. The Terms of the Final Award..................................................................2

    B. The Consent Judgment..............................................................................3

    C. The Modification Requested by Petitioner ..............................................3

III. MODIFYING THE JUDGMENT WOULD FURTHER THE INTEREST OF JUSTICE ..................................................................................3

    A. Modifying the Consent Judgment Will Further The Parties' and the Court's Intent ......................................................................................4

    B. Modifying the Consent Judgment to Reflect the Amount of the CIETAC Final Award Does Not Affect Either Party's Substantive Rights Because the Amount of the CIETAC Final Award is Fixed .......................................................................................5

    C. Modifying the Consent Judgment to Reflect the Total Amount Due Inclusive of Accrued Interest is Simply a Ministerial Task...........6

IV. CONCLUSION ....................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blanton v. Anzalone*,
   813 F.2d 1574 (9th Cir. 1987).................................................................................4

*Garamendi v. Henin*,
   683 F.3d 1069 (9th Cir. 2012).................................................................................4

*Hale Container Line, Inc. v. Houston Sea Packing Co.*,
   137 F.3d 1455 (11th Cir. 1998)...............................................................................4

*In re Jee*,
   799 F.2d 532 (9th Cir. 1986)...................................................................................4

*Jones & Guerrero Co. v. Sealift Pacific*,
   650 F.2d 1072 (9th Cir. 1981).................................................................................4

*Pattiz v. Schwartz*,
   386 F.2d 300 (8th Cir. 1968)...................................................................................4

*Pogor v. Makita U.S.A., Inc.*,
   135 F.3d 384 (6th Cir. 1998)...................................................................................4

*U.S. ex rel. Mississippi Road Supply Co. v. H. R. Morgan, Inc.*,
   542 F.2d 262 (5th Cir. 1976)...................................................................................4

*Waggoner v. R. McGray, Inc.*,
   743 F.2d 643 (9th Cir. 1984)...................................................................................4

**Statutes**

9 U.S.C.
   § 201 *et seq* .............................................................................................................1

28 U.S.C.
   § 1961 ......................................................................................................................3

Federal Arbitration Act ...................................................................................................1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**Rules and Regulations**

Federal Rules of Civil Procedure
    Rule 60 ................................................................................................................. 3, 4
    Rule 60(a) ........................................................................................................... 3, 4
    Rule 60(b) ............................................................................................................... 3
    Rule 60(c)(1) .......................................................................................................... 3

## I. INTRODUCTION

Petitioner Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership) ("Petitioner" or "SQ") brought this action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified under the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*., to confirm an arbitration award issued by the China International Economic and Trade Arbitration Commission ("CIETAC"). On July 11, 2019, the Court issued a Consent Judgment in favor of SQ. (Dkt. No. 37.) The Consent Judgment is a money judgment and immediately payable.

On August 6, 2019, Petitioner applied for a Writ of Execution for the amount of the judgment plus accrued interest. (Dkt. No. 38.) The Court issued a Notice of Deficiency because the amounts in the Consent Judgment are listed in RMB while the application for the Writ of Execution listed amounts in US currency. (Dkt. No. 39.) On August 21, 2019, Petitioner re-applied for a Writ of Execution supported by a memorandum explaining the basis of the conversion of the RMB amounts into USD. (Dkt. No. 42.) The Court issued a second Notice of Deficiency stating that the Consent Judgment "has no specified money amounts of any kind" and thus the Clerk is unable to issue a Writ of Execution. (Dkt. No. 43.).

Petitioner now respectfully requests the Court modify the Consent Judgment to specify the amount of the judgment. The Court should grant this motion because it is a ministerial correction to a valid judgment. Also, the modification will not affect the substantive rights of any party and will further the interest of justice since it would effectuate the intent of the parties and the Court as reflected in the Consent Judgment, which is to award Petitioner the full amount due under the underlying arbitration award, prejudgment interest, and postjudgment interest.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## II. FACTUAL BACKGROUND

### A. The Terms of the Final Award

As explained in the Petition (Dkt. No. 1), in its May 9, 2018, Final Award, the CIETAC:

1. Ordered the respondents to pay to SQ redemption prices for the two convertible notes ("Convertible Note I" and "Convertible Note II") at issue in the arbitration (including principal and interest) of RMB648,284,650;

2. Ordered the respondents to pay to SQ default interest of 4.35% from July 7, 2017 through the date of actual payment on the RMB606,635,250 principal of Convertible Note I;

3. Ordered the respondents to pay to SQ default interest of 4.35% from August 17, 2017 through the date of actual payment on the RMB41,649,400 principal of Convertible Note II;

4. Ordered the respondents to pay to SQ its attorney fees in the amount of RMB1,000,000;

5. Ordered the respondents to pay to SQ its asset attachment fees in the amount of RMB5,000, and the premium SQ paid for an asset attachment bond in the amount of RMB972,467.93;

6. Ordered the respondents to reimburse SQ the arbitration fee of RMB3,544,631;

7. Ordered the respondents to reimburse SQ arbitrator compensation in the amount of US$29,678.49;

8. Ordered that payment of all such amounts be made by the respondents within five days; and

9. Rejected all other claims.

Thus, the total amount of the Arbitration Award is RMB677,245,201.73 plus US$29,678.49.

### B. The Consent Judgment

Beginning in early March 2019, the parties began negotiations for a Consent Judgment. (Declaration of Jae K. Park ("Park Dec.") at 2-3.) As evidenced by the terms of the Consent Judgment, the material terms of the agreement were that Respondent Jia Yueting would pay to SQ:

1. All amounts due under the CIETAC Final Award in either Chinese RMB or US Dollar as determined by the exchange rate prevailing on the date of payment;

2. Prejudgment interest at the contractual rate of 4.35%; and

3. Postjudgment interest pursuant to 28 U.S.C. § 1961. (Dkt. No. 37.)

### C. The Modification Requested by Petitioner

The modification to the Consent Judgment that Petitioner requests is that it be modified to reflect the sums due under the CIETAC Final Award, the accrued prejudgment interest, and the total judgment.

## III. MODIFYING THE JUDGMENT WOULD FURTHER THE INTEREST OF JUSTICE

Rule 60 provides that the Court may modify an existing judgment, on motion or its own, with or without notice:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a). Grounds for relief include mistake, inadvertence, surprise, or excusable neglect and any other reason that justifies relief. Fed. R. Civ. P. 60(b) sub. (1), (6). The motion must be brought within "a reasonable time" and no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

The Court should modify the Consent Judgment because the requested modification amounts to a ministerial task of specifying the sum awarded under the Consent Judgment. The Court may modify a judgment under Rule 60(a) "to make

- 3 -

MEM. OF PTS & AUTH. IN SUP. OF
PETITIONER'S MOTION TO MODIFY
THE JUDGMENT PURSUANT TO FRCP 60

an order reflect the actual intentions of the court, plus necessary implications." *Jones & Guerrero Co. v. Sealift Pacific*, 650 F.2d 1072, 1074 (9th Cir. 1981). A court may correct errors of this type even when not committed by the clerk. *Pattiz v. Schwartz,* 386 F.2d 300, 303 (8th Cir. 1968). Rule 60(a) grants courts "very wide latitude in correcting clerical mistakes in a judgment." *In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986). Courts focus on what the court originally intended to do and modify the judgment to reflect the same. *Ibid*; *Waggoner v. R. McGray, Inc*., 743 F.2d 643, 644–45 (9th Cir. 1984); *Jones & Guerrero Co.*, 650 F.2d at 1074. Thus, courts have modified prior judgments to clarify that it does not include punitive damages (*Garamendi v. Henin*, 683 F.3d 1069 (9th Cir. 2012)), to delete prejudgment interest which it never intended to award (*Blanton v. Anzalone*, 813 F.2d 1574 (9th Cir. 1987)), to correct mathematical errors (*Hale Container Line, Inc. v. Houston Sea Packing Co*., 137 F.3d 1455, 1474 (11th Cir. 1998); *U.S. ex rel. Mississippi Road Supply Co. v. H. R. Morgan, Inc*., 542 F.2d 262, 269 (5th Cir. 1976)), or to add prejudgment interest where entitlement is undisputed (*Pogor v. Makita U.S.A., Inc*., 135 F.3d 384, 388 (6th Cir. 1998)).

### A. Modifying the Consent Judgment Will Further The Parties' and the Court's Intent

Respondent consented to an enforceable judgment requiring him to pay the full amount of the CIETAC Final Award (calculated above), prejudgment interest, and postjudgment interest. (Dkt. No. 37.) The parties also agreed that payment may be made in either Chinese or US currency. (Dkt. No. 37.) The document that was submitted to the Court as the proposed Consent Judgment to be executed was deficient only in that it does not state the specific amount of the CIETAC Final Award which may be corrected under Rule 60. The modification will not alter the substantive rights of any party as it will only add the specific amount of the judgment, which Respondent agreed was the proper amount of the judgment. Thus, modifying the Consent Judgment as requested will more accurately reflect the

intent of the parties and the Court to award Petitioner a judgment equal to the amount of the CIETAC Final Award, plus prejudgment interest, and postjudgment interest.

### B. Modifying the Consent Judgment to Reflect the Amount of the CIETAC Final Award Does Not Affect Either Party's Substantive Rights Because the Amount of the CIETAC Final Award is Fixed

As explained in the Petition, the underlying arbitration involved money owed under two Convertible Notes purchased in US Dollars, and the CIETAC panel awarded: (1) the principal sums due under the Convertible Notes; (2) attorney fees; (3) attachment fees; (4) bond costs; (5) arbitration fees; and (6) arbitrator's compensation. Because the amount of the CIETAC Final Award is fixed, modifying the Consent Judgment to reflect that amount (which amount Respondent agrees is the proper amount of the judgment) does not affect any party's substantive rights.

Specifically, the CIETAC Panel awarded the following:

1. Ordered the respondents to pay to SQ redemption prices for the two convertible notes ("Convertible Note I" and "Convertible Note II") at issue in the arbitration (including principal and interest) of RMB648,284,650;

2. Ordered the respondents to pay to SQ default interest of 4.35% from July 7, 2017 through the date of actual payment on the RMB606,635,250 principal of Convertible Note I;

3. Ordered the respondents to pay to SQ default interest of 4.35% from August 17, 2017 through the date of actual payment on the RMB41,649,400 principal of Convertible Note II;

4. Ordered the respondents to pay to SQ its attorney fees in the amount of RMB1,000,000;

5. Ordered the respondents to pay to SQ its asset attachment fees in the amount of RMB5,000, and the premium SQ paid for an asset

      attachment bond in the amount of RMB972,467.93;

6.   Ordered the respondents to reimburse SQ the arbitration fee of RMB3,544,631;

7.   Ordered the respondents to reimburse SQ arbitrator compensation in the amount of US$29,678.49;

8.   Ordered that payment of all such amounts be made by the respondents within five days; and

9.   Rejected all other claims.

Default interest on Convertible Note I, which had a redemption date of July 7, 2017 (Certified Translation of Final Award at 70, Dkt. 1-2), is RMB22,123,073.46. (Park Dec. at 4.) Default interest on Convertible Note II, which had a redemption date of August 17, 2017 (Petition at 16; Certified Translation of Final Award at 70, Dkt. 1-2), is RMB1,315,379.34. (Park Dec. at 4.)

Thus, the total award under the CIETAC Final Award was RMB677,245,201.73 plus US$29,678.49. (Park Dec. at 4.)

### C. Modifying the Consent Judgment to Reflect the Total Amount Due Inclusive of Accrued Interest is Simply a Ministerial Task

The Court may modify the Consent Judgment to reflect the interest accrued since the date of the CIETAC Final Award because there is no dispute that Petitioner is entitled to prejudgment interest or the rate of interest that should apply. (Dkt. 37.) Thus, it is a matter of simple mathematics to calculate the amount of the prejudgment interest accrued in the 428 days between the date the CIETAC Final Award was rendered to the date the Consent Judgment was entered, which is RMB33,067,845.52, for a total of RMB686,874,594.45 plus $29,678.49. (Park Dec. at 5.)

## IV. CONCLUSION

Accordingly, Petitioner respectfully requests that the Court modify the Consent Judgment to reflect the amount of the CIETAC Final Award inclusive of accrued interest.

Dated: September 27, 2019                 DENTONS US LLP

By: */s/ Jae K. Park*
  Jinshu Zhang
  Jae K. Park

Attorneys for Petitioner
Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership)

US_Active\113147748\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300